THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALCON VISION, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LENS.COM, INC.,<br><br>    Defendants.<br><br>1-800 CONTACTS, INC.,<br><br>    Movant. | **MEMORANDUM DECISION AND ORDER OVERRULING [28] NON-PARTY 1-800 CONTACTS, INC.'S OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING MOTION TO COMPEL**<br><br>Case No. 2:20-mc-00639-DBB-CMR<br><br>District Judge David Barlow |

This matter is before the court on an objection to a magistrate judge's order granting a motion to compel discovery. 1-800 Contacts, Inc. ("1-800 Contacts") is a nonparty to the litigation between Plaintiff Alcon Vision, LLC ("Alcon") and Defendant Lens.com, Inc. ("Lens.com"). 1-800 Contacts objects to the order granting the motion to compel. Finding that the order is not clearly erroneous or contrary to law, the court overrules the objection.

## BACKGROUND

Alcon makes contact lenses.[1] Lens.com is an online supplier that buys Alcon lenses overseas in the cheaper "gray market,"[2] repackages them, and sells them in the United States.[3]

---

[1] Order Grant. Mot. to Compel 1–2, ECF No. 22, filed June 15, 2022.

[2] "Generally, gray market goods are defined as 'genuine goods that . . . are of foreign manufacture, bearing a legally affixed foreign trademark that is the same mark as is registered in the United States; gray goods are legally acquired abroad and then imported without the consent of the United States trademark holder.'" Def. Suppl. Br. in Supp. of Mot. to Compel 4, ECF No. 11, filed Sept. 30, 2020 (quoting *SKF USA Inc. v. Int'l Trade Comm'n*, 423 F.3d 1307, 1312 (Fed. Cir. 2005)).

[3] ECF No. 22, at 2.

Alcon sued Lens.com in the Eastern District of New York, alleging a Lantham Act violation.[4] It claimed that Lens.com's practices create a public safety risk, impair Alcon's reputation, and cause quality control issues.[5] As part of discovery in that case, Lens.com served a Utah-based competitor and Alcon's customer, 1-800 Contacts, with a subpoena duces tecum, seeking all documents related to Alcon and gray market goods.[6] 1-800 Contacts did not produce the requested information, claiming that the request was "overly broad, unduly burdensome, and not relevant or proportional."[7] Lens.com then filed a motion to compel production.[8] In an attempt to resolve the dispute, it agreed to narrow the scope of the request to documents from 1-800 Contacts's former CEO, Brian Bethers, and Vice President of Sales, Chad Costello, for the period between January 2016 and September 2020.[9]

After a hearing, supplemental briefing, and a status update,[10] Magistrate Judge Romero granted the motion to compel on June 15, 2022.[11] The order stated that 1-800 Contacts had failed to show an undue burden and found that the request was relevant and proportional.[12] 1-800 Contacts was ordered to comply with the order within 15 days.[13] Although the order referenced attorney's fees, the magistrate judge noted that the issue of fees was deferred.[14] 1-800 Contacts objected to the order on June 29, 2022.[15]

---

[4] 15 U.S.C. § 1051 *et seq.*
[5] Am. Compl. ¶¶ 114, 120, 122, 128, ECF No. 20, No. 1:18-cv-00407 (E.D.N.Y. May 10, 2018).
[6] ECF No. 22, at 2; Ex. A, Def. Mot. to Compel Disc., ECF No. 2-1, filed Sept. 14, 2020.
[7] ECF No. 22, at 2.
[8] Def. Mot. to Compel Disc., ECF No. 2, filed Sept. 14, 2020.
[9] *Id.* at 2; Resp. to Def. Mot. to Compel 2, ECF No. 6, filed Sept. 21, 2020.
[10] ECF No. 8, Sept. 28, 2020; Joint Status Report Mot. to Compel, ECF No. 21, filed Apr. 19, 2021.
[11] ECF No. 22.
[12] *Id.* at 2.
[13] *Id.* at 7.
[14] *Id.*
[15] Non-Party Obj. to Order Grant. Mot. to Compel, ECF No. 28, filed June 29, 2022. 1-800 Contacts filed a motion to stay the order, Mot. to Stay Order on Mot. to Compel, ECF No. 37, filed July 27, 2022, which it promptly

Lens.com also sought to depose Costello and issued a subpoena for his deposition on September 14, 2020.[16] In a separate but related case, Costello moved to quash the subpoena.[17] Magistrate Judge Pead denied the motion to quash and District Judge Parrish overruled Costello's objection.[18] However, Lens.com has yet to depose Costello, and discovery in the New York case closed on September 30, 2020.[19]

## STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[20] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[21] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[22]

## DISCUSSION

1-800 Contacts asserts that the magistrate judge's order to compel was clearly erroneous and contrary to law for four reasons. First, the requested discovery is irrelevant. Second, the request is not proportional. Third, the 15-day deadline to produce documents creates an undue burden. Finally, the requirement for 1-800 Contacts to pay attorney's fees is incorrect. For the reasons below, the court finds that the magistrate judge did not clearly err or rule contrary to law.

---

withdrew, Resp. Withdrawal of Mot., ECF No. 40, filed July 29, 2022. In the withdrawal, 1-800 Contacts stated that it has been responsive to Lens.com's subpoena but has not withdrawn its objection to the order. ECF No. 40, at 2.
[16] Mot. to Quash Subpoena and for Protective Order 1, ECF No. 2, No. 2:20-mc-000651 (D. Utah Sept. 17, 2020).
[17] *Id.*
[18] Mem. Decision Overruling Obj. to Order Den. Mot. to Quash, ECF No. 21, filed Dec. 10, 2020.
[19] Resp. Suppl. Br. in Opp. to Mot. to Compel 3, ECF No. 12, filed Oct. 7, 2020.
[20] Fed. R. Civ. P. 72(a).
[21] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[22] *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah July 9, 2020) (cleaned up).

A. **The Document Request Is Relevant.**

1-800 Contacts contends that the magistrate judge's finding of relevance was clear error and contrary to law because she failed to apply the applicable legal standard.[23] To bring a Lanham claim, a plaintiff must demonstrate that "(1) it has a valid mark that is entitled to protection and that (2) the defendant's actions are likely to cause confusion with that mark."[24] Thus, a sale of genuine goods with a valid trademark is lawful.[25] Gray market goods, however, are not genuine if "they do not conform to the trademark holder's quality control standards . . . or they differ materially from the product authorized by the trademark holder for sale."[26] A plaintiff can show that gray market goods do not conform if "(i) the asserted quality control procedures are established, legitimate, substantial, and nonpretextual, (ii) it abides by these procedures, and (iii) sales of products that fail to conform . . . will diminish the value of the mark."[27]

Though 1-800 Contacts concedes that the magistrate judge's order correctly referenced the relevant tests,[28] it claims that the order did not properly clarify and apply Second Circuit law.[29] Lens.com's position in the New York litigation allegedly centers on whether Alcon had pretextual quality control measures.[30] But 1-800 Contacts argues that under the standard articulated in *Zino Davidoff SA v. CVS Corp.*, the subjective intent behind quality control measures is irrelevant; courts should "look only at whether the quality controls serve some

---

[23] ECF No. 28, at 7.
[24] *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84 (2d Cir. 2020) (cleaned up).
[25] *See Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243 (2d Cir. 2009) (citing *Polymer Tech. Corp. v. Mimran*, 975 F.2d 58, 61 (2d Cir. 1992)).
[26] *Id.* (citations omitted).
[27] *Id.* at 244 (citation omitted).
[28] *See* ECF No. 28, at 9.
[29] *Id.* at 10. 1-800 Contacts claims that the magistrate judge abdicated her responsibly as to whether "the Subpoena should be enforced, which requires an assessment of controlling law to determine the potential relevance of the requested information." *Id.*
[30] *Id.* at 12.

4

'legitimate function in protecting . . . [the holder's] marks from quality defects and counterfeiting' and whether the manufacturer actually uses the controls."[31] The magistrate judge purportedly erred because the discovery request does not help answer whether Alcon's quality control measures serve legitimate purposes.[32]

Here, the magistrate judge's finding of relevancy was not clearly erroneous or contrary to law. Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery for "any nonprivileged matter that is relevant to any party's claim or defense."[33] "'Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a party's claim or defense."[34] Thus, the magistrate judge did not err in ruling that there was a possibility that the discovery would be relevant.[35] As the judge noted, there are substantive questions in dispute over the "nuances of the three-part [quality control] test in this area of law."[36] Ultimately, the judge properly found that the discovery is relevant because it targets information about gray market sales and Alcon's quality control standards.[37]

---

[31] *Id.* (quoting *Zino Davidoff*, 571 F.3d at 245) (brackets in original). *Zino Davidoff* is a Second Circuit case about alleged trademark infringement for counterfeit products. 571 F.3d at 242.
[32] *Id.* at 13.
[33] Fed. R. Civ. Proc. 26(b).
[34] *Dutcher v. Bold Films LP*, No. 2:15-cv-110, 2017 WL 1901418, at *1 (D. Utah May 8, 2017) (quoting *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)); s*ee also In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009).
[35] ECF No. 22, at 6.
[36] *See* ECF No. 22, at 6.
[37] *See id.* at 4–7; Mem. Decision & Order Overruling Obj. to Disc. Order 2–3, ECF No. 21, No. 2:20-mc-651 (D. Utah Dec. 10, 2020) ("*Zino Davidoff* did not hold that a trademark owner's motive to curb grey-market sales was irrelevant to a determination of whether the owner had established legitimate—as opposed to pretextual—quality control procedures. It held that that if a trademark owner proves that it has enacted legitimate quality control procedures, a concurrent desire to use the quality control procedures to curtail grey-market sales will not defeat the . . . claim.").

1-800 Contacts also contends that the judge erred by not holding Lens.com to its burden to show relevancy.[38] By not analyzing relevance under applicable Second Circuit law, 1-800 Contacts argues, the magistrate judge improperly put the burden on 1-800 Contacts.[39] But the magistrate judge did not err. The judge found that Lens.com made an initial showing of relevance and the burden shifted to 1-800 Contacts to justify its objection.[40] As discussed above, the order acknowledged applicable Second Circuit case law and reasoned that the discovery request was relevant notwithstanding 1-800 Contacts's arguments.[41]

### B. The Document Request Is Proportional.

Second, 1-800 Contacts asserts that the order was clearly erroneous and contrary to law because the magistrate judge did not conduct a proper proportionality analysis. Specifically, it argues that the judge did not consider the fact that discovery in the New York litigation had ended.[42] And it argues that Lens.com's document production request was supposed to correspond with Costello's deposition, which is no longer occurring.[43] As such, 1-800 Contacts asserts that an order compelling it to produce documents creates a "completely undue burden."[44] It claims that the request for years of discovery touches on "potentially sensitive and confidential documents" from Lens.com's "direct competitor."[45]

---

[38] *See* ECF No. 28, at 11–12; *see Ad Astra Recovery Sys., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2019 WL 4466903, at *2 (D. Kan. Sept. 18, 2019) ("On a motion to compel, the party seeking discovery bears the initial burden to establish relevance.").
[39] *See* ECF No. 28, at 11–12.
[40] *See* ECF No. 22, at 6.
[41] *Id.* at 4–7.
[42] *See* ECF No. 28, at 15; *Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 19-CV-02754-JPM-TMP, 2021 WL 848177, at *7 (W.D. Tenn. Mar. 5, 2021).
[43] ECF No. 28, at 16.
[44] *Id.* at 15.
[45] *Id.* at 14 (emphasis in original).

The order was not clearly erroneous or contrary to the law. Magistrate Judge Romero found that the discovery, "narrowed by the parties, is proportional to the needs of this case."[46] In fact, 1-800 Contacts's best argument—that discovery in the New York litigation was closed—was adequately addressed.[47] While a court can consider deadlines,[48] there is no rule stating that a court cannot compel discovery if a deadline in another case has run. In fact, litigation in the New York case continues.[49] Further, Lens.com could ask the New York court to reopen discovery or potentially use the documents for another purpose—those are matters for the New York court. Additionally, the burden is on 1-800 Contacts to show that the requests are not proportional and "it cannot refuse discovery simply by making a boilerplate objection that the discovery sought is not proportional."[50] Yet 1-800 Contacts fails to offer specific explanations for why it would be burdened.[51] As to 1-800 Contacts's argument about the sensitive nature of the documents, 1-800 Contacts asserts no privilege.

### C. The Deadline to Produce Documents Does Not Create an Undue Burden.

Third, 1-800 Contacts alleges that the magistrate judge's order was contrary to law and clearly erroneous when it imposed a 15-day deadline for document production, thereby creating an undue burden.[52] It contends that the order's suggestion that 1-800 Contacts is partly

---

[46] ECF No. 22, at 6.
[47] *See id.* at 7 ("[w]hether or not an extension of the discovery period is granted is an issue for the presiding judge in New York").
[48] *See Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 19-cv-02754, 2021 WL 848177, at *7 (W.D. Tenn. Mar. 5, 2021).
[49] *See generally* Docket, *Alcon Vision, Inc. v. Lens.com, Inc.*, No. 1:18-cv-00407 (E.D.N.Y.).
[50] *Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, No. 16-cv-1094, 2017 WL 4770702, at *4 (D. Kan. Oct. 19, 2017) (cleaned up).
[51] *See* ECF No. 28, at 14–17; *cf. Wells Fargo Bank, N.A. v. Mesh Suture Inc.*, No. 19-cv-03218, 2020 WL 5517034, at *2 (D. Colo. May 12, 2020) (considering proportionality as to "the needs of the case . . . the importance of the issues at stake . . . the amount in controversy, [and] the parties' relative access to relevant information").
[52] *See* Fed. R. Civ. Proc. 45(d)(1).

7

responsible for the litigation's long duration is erroneous because the age of the case cannot be attributable to a nonparty.[53] Further, 1-800 Contacts contends that the magistrate judge wrongly credited 1-800 Contacts with prior knowledge of the discovery request.[54] Last, 1-800 Contacts argues that the magistrate judge erred in ordering a limited timeframe to produce the documents without a meaningful time to object and be heard.[55]

The order to produce the documents was not clearly erroneous or contrary to law. 1-800 Contacts points to no controlling law other than Federal Rule of Civil Procedure 45, which sets forth the court's role in determining whether a subpoena is an "undue burden."[56] But the order stated that 1-800 Contacts has had "several years of notice" that Lens.com would request the documents.[57] Rule 45 requires only that courts ensure subpoenas do not cause an undue burden.[58] Here, the magistrate judge considered the burden to 1-800 Contacts but pointed to the case's long duration and 1-800 Contacts's familiarity with the request as justification.[59]

### D. The Objection to Attorney's Fees Is Premature.

Finally, 1-800 Contacts argues that its requirement to pay attorney's fees was clearly erroneous and contrary to law for three reasons. First, Federal Rule of Civil Procedure 37's award of attorney fees to the prevailing party on a motion to compel[60] is not available to a party

---

[53] ECF No. 28, at 17–18 (citing ECF No. 22, at 7).
[54] *Id.* at 18–19 (citing ECF No. 22, at 7). 1-800 Contacts argues that under Federal Rule of Civil Procedure 45(d)(2)(B)(i), notice is triggered after an "order compelling production or inspection." *See In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014) (non-movant is not required to prepare for a discovery request until compliance is ordered).
[55] ECF No. 28, at 19.
[56] Fed. R. Civ. Proc. 45(d)(1).
[57] ECF No. 22, at 7.
[58] *See* Fed. R. Civ. Proc. 45(d)(1).
[59] ECF No. 22, at 7.
[60] Fed. R. Civ. Proc. 37(a)(5)(A) ("If the motion is granted . . . the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's . . . attorney's fees.").

that prevails under Rule 45.[61] Second, even if sanctions were available under Rule 37, the rule requires that parties be given an opportunity to be heard.[62] And third, the court cannot impose sanctions because its objection was "substantially justified."[63] These arguments are premature. The order clearly stated that the "issue of fees is therefore deferred at this time pending a motion for fees, appropriate briefing, and an opportunity to be heard."[64] Because the magistrate judge has not denied 1-800 Contacts an opportunity to be heard and has not entered an order for fees, the objection here is not ripe.

## ORDER

The Court OVERRULES 1-800 Contacts's objection to Magistrate Judge Romero's order granting the motion to compel discovery.

Signed August 8, 2022.

BY THE COURT

David Barlow
United States District Judge

---

[61] ECF No. 28, at 20; *see, e.g.*, *In re: Motor Fuel Temperature Sales Pracs. Litig.*, No. 07-MD-1840, 2010 WL 11431875, at *6 (D. Kan. July 7, 2010).
[62] ECF No. 28, at 20.
[63] *Id.* (citing Fed. R. Civ. Proc. 37(a)(5)(A)(ii)).
[64] *Id.*